# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Andre Lamont Jennette

January 12, 2015

Case No. CR14-2183

BY JUDGE MARY JANE HALL

This matter comes before the Court on Defendant's Amended Motion To Suppress evidence recovered during a search of his apartment. Because Norfolk Police conducted the search pursuant to a validly-issued search warrant, Defendant is entitled to be heard on his motion only upon proof that the search warrant affiant made false statements in the affidavit supporting the warrant. Defendant has not met that burden.

## Facts and Procedural Background

The Court has heard no evidence at all in this case. Counsel have filed neither a stipulation of facts nor any affidavits attesting to the matters recited in the amended motion. Although Defendant challenges a police affidavit that allegedly supported the search warrant at issue in this motion, that affidavit has not been filed and, therefore, not been reviewed by the Court. The facts germane to the motion appear only in counsel's briefs.

According to the facts recited in the motion, Norfolk Police arrived at Defendant's apartment in response to his report that he had been robbed by armed intruder(s). The Court is unaware whether police entered his apartment at his invitation but presumes that they likely did. Sometime thereafter, police obtained a search warrant for the apartment. The supporting affidavit, which again has not been submitted, apparently identified as a basis for the search warrant that police could smell the odor of marijuana emanating from Defendant's apartment. Upon execution of the warrant, police recovered approximately five ounces of marijuana from

"three separate containers, each containing various amount of marijuana in [bags]." Def.'s Br. 1.

Defendant argues that the police could not possibly have smelled marijuana from inside the apartment for two reasons: first, that the robber had used a fire extinguisher, which would have masked any odor that could be emanating from the marijuana, and second, that the marijuana inside the apartment was "located inside a plastic bag, inside a plastic container, inside a closet, inside a bedroom, at the end of a hallway, the farthest point in the apartment from the front door." Def.'s Br. at 1-2. Again, all of these facts appear only in the summary provided by counsel, although the Commonwealth, for the most part, has not challenged them.

Defendant relies on *Commonwealth v. Cherry*, CR11-3689 (Norfolk Cir. Ct. June 12, 2012), where this Court granted a motion to suppress based in part upon expert testimony regarding the amount of unburnt marijuana necessary to emit a detectable odor. The amount of marijuana recovered in this case was far less than the two to five pounds that the *Cherry* expert witness opined would be the minimum that would create a noticeable scent.

The Commonwealth argues that Defendant has not met its burden as set out by the Supreme Court of the United States in *Franks v. Delaware*, 438 U.S. 154 (1978). The Commonwealth distinguishes this case from *Cherry* by the very different standard of review applicable to a challenge of a search warrant affidavit versus a search incident to a traffic stop. Finally and in the alternative, the Commonwealth argues that the inevitable discovery rule supports admissibility of evidence that may have been recovered illegally, because evidence of the burglary could have been searched for anywhere in the apartment, including where the marijuana was eventually found.

## Analysis

The *Franks* decision considered whether a defendant in a criminal proceeding ever has the right under the Fourth and Fourteenth Amendments, subsequent to the *ex parte* issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the issuance of that warrant. 438 U.S. 154. The Court ruled that such a defendant may challenge an affidavit supporting the issuance of a search warrant in an evidentiary hearing, a "Franks hearing," if that defendant satisfied the following standard:

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false, and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence

satisfactorily explained. Allegations of negligence or innocent mistake are insufficient… . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Id.* at 171-72.

In *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990), the United States Court of Appeals for the Fourth Circuit further restated the *Franks* holding as follows:

In *Franks*, the Supreme Court held that in certain narrowly defined circumstances a defendant can attack a facially sufficient affidavit. The *Franks* Court recognized a strong presumption of validity with respect to the affidavit supporting the search warrant, and thus created a rule of limited scope. The rule requires that a dual showing be made which incorporates both a subjective and an objective threshold component. In order even to obtain an evidentiary hearing on the affidavit's integrity, a defendant must first make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. This showing must be more than conclusory and must be accompanied by a detailed offer of proof.

*Colkley*, 899 F.2d at 300 (*quoting Franks*, 438 U.S. 154; *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986)) (quotations omitted).

Virginia has followed these federal rulings and stated that, "[t]he United States Supreme Court and all circuits of the United States Court of Appeals have held that a defendant is not entitled to a *Franks* hearing unless the defendant makes a substantial preliminary showing that the affidavit for the search warrant contains deliberately false or recklessly false misstatements or omissions necessary to a finding of probable cause." *Barnes v. Commonwealth*, 279 Va. 22, 33 (2010) (*citing Franks*, 438 U.S. at 155-56; *United States v. Wilburn*, 581 F.3d 618, 621, n. 1 (7th Cir. 2009); *United States v. Sarras*, 575 F.3d 1191, 1218-19 (11th Cir. 2009); *United States v. Summage*, 575 F.3d 864, 873 (8th Cir. 2009); *United States v. Fowler*, 535 F.3d 408, 415-16 (6th Cir. 2008); *United States v. Tate*, 524 F.3d 449, 455 (4th Cir. 2008); *United States v. Reiner*, 500 F.3d 10, 14-15 (1st Cir. 2007);

*United States v. Martinez-Garcia*, 397 F.3d 1205, 1214-16 (9th Cir. 2005); *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991); *United States v. Mueller*, 902 F.2d 336, 341-42 (5th Cir. 1990); *United States v. Owens*, 882 F.2d 1493, 1498-99 (10th Cir. 1989); *United States v. Calisto*, 838 F.2d 711, 714-16 (3d Cir. 1988)).

Defendant's motion does not point out any specific portions of the affidavit (which has not been filed with the Court) alleged to be false. Defendant has produced no offer of proof regarding the falsity of the underlying police affidavit. The motion lacks any supporting affidavits or sworn witness statements. In short, Defendant has done none of the things that *Franks* requires. Without a stipulation or an affidavit about the fire extinguisher, the smell that it left behind or masked, the particulars regarding the packaging and location of the drugs, the scent that such an amount of drugs in that configuration of packaging and storage would have emitted, etc., the motion is based only upon a proffer and not upon proof. The *Franks* decision requires more than a proffer. The argument about how unlikely it is that anybody could have smelled the drugs is just that, argument. The Court would be inclined to agree that five ounces of marijuana in a plastic bag inside a plastic container inside a closed closet in the back bedroom would likely not emit an odor that police could detect, but the Court interprets *Franks* to allow defendants to proceed to an evidentiary hearing only when they have satisfied the requirements outlined in the decision and offered more than has been presented in this case.

The Commonwealth's second basis to support the search, the inevitable discovery rule, is also based upon facts proffered but not proven. The Court has no basis to conclude that a police investigation of an armed robbery would take them into a bedroom closet where they would proceed to open plastic containers. The Court, therefore, gives no weight to this argument.

Upon review of the briefs in the case, the Court finds that Defendant has not satisfied its burden set forth in *Franks*. Accordingly, Defendant's Amended Motion To Suppress is denied.